THE STATE OF OHIO, APPELLEE, *v.*
CALHOUN, APPELLANT.

(No. C-790908—Decided August 26, 1981.)

PALMER, P.J. The defendant-appellant, Raymond J. Calhoun, was indicted by a Hamilton County Grand Jury on two separate counts of trafficking a controlled substance, in violation of R.C. 2925.03(A)(7) and R.C. 2925.03(A)(5), and one count of drug abuse, in violation of R.C. 2925.11. These charges arose from appellant's involvement in a series of controlled drug purchases consummated by undercover agents through the use of an informant. On February 24, 1978, Agent William Dodge and Ken O'Bryan, an informant, arranged to meet with appellant in the parking lot of a local restaurant for the purposes of purchasing cocaine. Agent Dodge was wired for sound recording with a hidden microphone. That evening, Dodge and O'Bryan were seated in a car at the prescribed location when appellant arrived in a van and parked behind the car. O'Bryan entered appellant's vehicle as Dodge watched in his rear view mirror. Dodge then observed appellant hand O'Bryan a small plastic bag containing a white, powdery substance. Dodge then entered the van and discussed payment for the substance. Appellant, however, refused to accept any money and Dodge gave $850 to O'Bryan at appellant's insistence. Appellant and O'Bryan then drove away a short distance, where O'Bryan exited the vehicle. Analysis of the substance in the plastic bag revealed the presence of 13.9 grams of cocaine.

Sometime later, another controlled purchase was arranged. On March 3, 1978, Dodge and O'Bryan again met with appellant in the restaurant parking lot. Dodge was again wired for sound, and other Cincinnati police officers were standing by to make an arrest if Dodge so signaled them. Appellant arrived in his van and entered Dodge's car. Dodge observed appellant hand a small plastic bag containing a white substance to O'Bryan who handed it to Dodge. Dodge then tried to pay appellant, who refused to accept it, insisting that it go to O'Bryan first. When Dodge refused, O'Bryan and appellant exited the car. Shortly thereafter, appellant returned, reached inside the car and took the package containing the money. At this point, the police officers arrived on the scene and placed appellant under arrest. A search of appellant's person produced a vial containing a brown powder. Laboratory analysis revealed that the plastic bag contained 53.5 grams of cocaine and that the vial contained .63 grams of heroin.

At a subsequent jury trial, appellant was convicted on all three counts. At sentencing, the trial court refused to consider making the sentences for those counts involving trafficking concurrent, and sentenced appellant to serve consecutive terms of five to twenty-five years and three to fifteen years in the penitentiary. Appellant was also sentenced to serve a term of one to five years on the count of drug abuse, this sentence to run concurrently to the others. It is from this judgment that appellant has taken this timely appeal.

In his first assignment of error, appellant contends that the trial court abused its discretion in refusing to consider the imposition of concurrent terms for the two trafficking convictions. The trial court expressed the belief that since both R.C. 2925.03(C)(5) and (C)(6) require that the offender serve minimum terms of *actual* incarceration, it was not within its discretion to impose anything other than

consecutive sentences on the first two counts for trafficking, apparently adopting the state's argument that when two mandatory sentences for actual incarceration are required by law, each term must be served independently of the other, thus barring concurrent terms. Appellant argues, to the contrary, that the statutes in question do not specifically preclude concurrent sentencing in such situations and that the court erred to his prejudice in refusing to consider concurrent sentences in this case. A careful examination of the relevant statutes convinces us of the correctness of appellant's position.

In setting forth the sentences to be imposed for drug-trafficking offenses, R.C. 2925.03(C)(5) and (C)(6) provide simply that the court shall impose a sentence of actual incarceration of three and five years respectively. The term "actual incarceration," as defined in R.C. 2925.01(D), "* * * means that a person is required to be imprisoned for a stated period * * *." None of these statutes, however, dictate specifically that terms of actual incarceration must be served *consecutively*. While the state argues vigorously that concurrent sentencing must be precluded in order to implement the deterrent effect that these sentences were intended to provide, we can discover no source for this position either in the statutes or the decisional law related thereto. *E.g., State* v. *Oxenrider* (1979), 60 Ohio St. 2d 60 [14 O.O.3d 235]. To the contrary, since the statutes requiring actual incarceration do not specifically require consecutive sentencing for multiple offenses and, further, since courts are under a statutory duty to construe the criminal code favorably to the accused and strictly against the state, R.C. 2901.04(A), we conclude that the general rule applied, and that no prohibition existed to limit the trial court's power to impose concurrent sentences. R.C. 2929.41 (A). Thus, the trial court erred in holding that it had no authority to consider appellant's request that the terms of actual

incarceration be ordered to run concurrently. The first assignment of error is well-taken and accordingly sustained.

In his second assignment of error, appellant contends that it was error for the trial court to refuse to grant his motion to suppress the heroin discovered as a result of the search conducted incident to his arrest. Specifically, appellant argues that where the arresting officer lacks probable cause to make the initial arrest, the search attending such arrest is similarly invalid and any evidence obtained as a result must be suppressed. For these purposes, appellant argues that the arresting officer, who did not personally observe the drug purchase, could not have had within his possession sufficient knowledge to form a reasonable suspicion that a felony had been committed by appellant and, as such, the arrest was unlawful. We disagree.

Probable cause for the purposes of supporting an arrest may be grounded upon reasonably trustworthy information which would warrant a prudent man in believing that the person arrested had committed or was in the act of committing an offense. *Beck* v. *Ohio* (1964), 379 U.S. 89 [31 O.O.2d 80]; *State* v. *Timson* (1974), 38 Ohio St. 2d 122 [67 O.O.2d 140]. And, more to the instant point, the arresting officer need not have observed the actual conduct of the arrestee where his information is supplied by a fellow police officer, or under other circumstances satisfying the above prudent man test. *Timson, supra; State* v. *Fultz* (1968), 13 Ohio St. 2d 79 [42 O.O.2d 259], certiorari denied (1969), 393 U.S. 854; *State* v. *Williams* (1969), 19 Ohio App. 2d 234 [48 O.O.2d 364]. In the instant case, the arresting officer overheard by radio the entire transaction involving appellant, in addition to receiving information from the undercover agent. Thus, the officer was, under the foregoing test, entitled to arrest appellant on the basis of knowledge within his possession, and the search conducted incident thereto was valid. The motion to suppress the evidence seized as a result of that search was, therefore, properly overruled by the trial court. The second assignment of error is without merit and accordingly overruled.

In his third assignment of error, appellant argues that the trial court erred to his prejudice in refusing to give a requested instruction to the effect that where the state fails to call an informant at trial, the jury may draw from that fact an inference adverse to the state, especially where the need to maintain confidentiality is absent. We disagree. While the state unarguably bears the burden of proving the accused's guilt beyond a reasonable doubt, the state is not required to call all witnesses known to have intimate knowledge of the events constituting the crime charged. In the instant case, the informant was available to serve as a witness for either party. That the state believed it had sufficient evidence to support a guilty verdict absent this witness' testimony in no way supports the sort of adverse inference urged by appellant, especially where, as here, the defense could have 'as easily secured the informant's presence at trial. The rule is clear that where, as here, the requested instruction is neither pertinent to the evidence adduced at trial nor correct as a matter of law, it is necessary and proper for the trial court to refuse to give it to the jury. *E.g., State* v. *Corkran* (1965), 3 Ohio St. 2d 125 [32 O.O.2d 132]. The assignment of error is without merit and accordingly overruled.

In his fourth assignment of error, appellant contends that the judgment of guilty is contrary to law and against the manifest weight of the evidence where the state failed to prove beyond a reasonable doubt that the contraband supporting the first trafficking offense was in fact ever in appellant's possession, or that the exhibit introduced at trial was the same as that involved in the controlled sale. We disagree. A careful review of the record convinces us that there was adduced at

trial substantial and credible evidence of probative value from which the trier of fact could conclude beyond a reasonable doubt that appellant had sold a controlled substance in violation of the law, and that the exhibit introduced at trial contained the physical evidence, in its original form and amount, supporting the charge. It is not the province of this court to disturb that finding. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366]; *State* v. *Antill* (1964), 176 Ohio St. 61 [26 O.O.2d 366]. The assignment of error is without merit and, therefore, overruled.

In his fifth and sixth assignments of error, appellant contends that his conviction under R.C. 2925.03 offends the Due Process and Equal Protection Clauses of the United States Constitution, as well as the Eighth Amendment's proscription against cruel and unusual punishment, since the offenses of which he stands convicted are predicated upon an unreasonable and arbitrary standard, to wit, the concept of "bulk amount," as defined in R.C. 2925.01(E). Appellant's contentions in this regard, however, have been adequately addressed by this court in *State* v. *Denny* (Oct. 22, 1980), No. C-790765, unreported, and *State* v. *Alfarano* (May 23, 1979), No. C-790523, unreported, wherein the challenged statutes were upheld under similar constitutionally based arguments. The assignments of error are without merit and accordingly overruled.

The judgment appealed from is accordingly affirmed in part and reversed in part, and the cause is remanded to the trial court for the purpose of reconsideration of the sentences imposed on counts one and two of the verdict, and further proceedings according to law.

*Judgment accordingly.*

Doan and Klusmeier, JJ., concur.