JUDGMENT ENTRY.
Defendant-appellant Maurice Heard appeals his conviction for possession of cocaine,[1] a fifth-degree felony. Heard claims that the trial court erred when it failed to grant his motion to suppress. We affirm.
On January 3, 2003, Cincinnati Police Officer Darren Gibson was on duty when he heard over his police radio that someone had fired a gun at other Cincinnati police officers. The radio report described the shooter's car and gave its location, which was just north of where Officer Gibson was working. Officer Gibson went to the location given and stopped his car behind other police vehicles. He saw three individuals in the shooter's car, but he did not know which individual was the actual shooter.
Another police officer took the driver out of the car and put him in handcuffs. Heard, who was sitting in the front passenger seat, was told to get out of the car. Gibson testified that he was the closest police officer to Heard once he left the car, so he told him to step back towards him. Gibson testified that, even though he did not know which person in the car was the shooter, he assumed all three were going to be arrested for felonious assault. Gibson handcuffed Heard and then began searching him.
Officer Gibson testified that, in Heard's coat pocket, he felt a bulge with plastic wrap around it that felt like a bag of marijuana. Gibson opened the pocket and investigated further, discovering a bag of marijuana. Officer Gibson continued his search, finding in Heard's front pants pocket a piece of paper that had powder cocaine in it. Gibson read Heard his Miranda
rights and then put him in a police car.
In his single assignment of error, Heard now argues that the trial court should have suppressed the cocaine that Officer Gibson found because the search was unconstitutional.
When considering a ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.[2] But it then must independently determine, without deference to the trial court, whether the facts satisfy the applicable legal standard.[3]
Heard concedes that the police were allowed to stop and detain him at the scene, but he argues that the officers were allowed to do no more than a Terry[4] search for weapons. He also contends that the discovery of the marijuana did not justify the further search leading to the discovery of the cocaine.
Heard's arguments mischaracterize the search. Officer Gibson searched Heard incident to a lawful arrest for felonious assault. A search incident to a lawful arrest permits an officer to "conduct a full search of the arrestee's person, and that search is not limited to the discovery of weapons, but may include evidence of a crime as well."[5]
The only possible issue is whether Gibson's arrest of Heard was a lawful arrest. For an arrest without a warrant to be constitutionally valid, the arresting officer must have probable cause.[6] "To have probable cause the officer must have sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused."[7] The arresting officer "need not have observed the actual conduct of the arrestee where his information is supplied by a fellow police officer."[8]
Officer Gibson knew from the police radio broadcast that a suspect had fired shots at police officers and then had fled in a car with other people. Gibson testified that when he arrived on the scene, he believed all three occupants of the car were being arrested for felonious assault.
We conclude that Officer Gibson had a reasonable belief that Heard either was the shooter or was somehow involved with the shooter. Therefore, Gibson had probable cause to arrest Heard for felonious assault. Because the arrest was lawful, Gibson found the cocaine during a search incident to a lawful arrest, and the search was constitutional.
Accordingly, we overrule Heard's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Painter, JJ.
[1] R.C. 2925.11(A).
[2] See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8.
[3] Id.
[4] See Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868.
[5] See State v. Jones (1996), 112 Ohio App.3d 206, 215,678 N.E.2d 285, citing United States v. Robinson (1973),414 U.S. 218, 94 S.Ct. 467.
[6] See State v. Fultz (1968), 13 Ohio St.2d 79, 82,234 N.E.2d 593.
[7] Id.
[8] State v. Calhoun (1981), 2 Ohio App.3d 472, 474,442 N.E.2d 1306.