ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Eldridge Colvin appeals from the order of the trial court that denied his post-sentence motion to vacate his guilty plea. For the reasons set forth below, we affirm.
 {¶ 2} On October 16, 2003, defendant was indicted in Case No. 443507 for one count of aggravated robbery, two counts of failure to comply with the order of a police officer, and one count of felonious assault. Defendant subsequently entered into a plea agreement with the state whereby the felonious assault charge and one of the counts of failure to comply with the order of a police officer were dismissed, and he then pled guilty to the aggravated robbery charge and the remaining charge of failure to comply. On December 15, 2003, the court sentenced defendant to five years imprisonment on the aggravated robbery charge, and two years on the failure to comply charge, and ordered that they be served concurrently, and concurrently to defendant's sentence in an unrelated matter.
 {¶ 3} On May 3, 2004, defendant moved to withdraw his guilty plea, arguing that his trial counsel had pressured and coerced him into accepting the plea agreement. According to defendant, his trial counsel forced him to waive his right to a pre-sentence investigation and claimed that if defendant did not accept the agreement, the victims would appear at court and he would receive a harsher sentence. Counsel also allegedly claimed that the court would unfavorably consider that defendant was undergoing treatment for drug addiction. The trial court denied the motion and defendant now appeals.
 {¶ 4} On appeal, defendant asserts that his conviction is against the manifest weight of the evidence, that his conviction for failure to comply is against the manifest weight of the evidence, that the state did not comply with a sentencing agreement that he would receive only three years imprisonment, and that the court erred in failing to order that the sentences be served consecutively.
 {¶ 5} As an initial matter, we begin by noting that concurrent sentencing is more favorable to defendant than consecutive. State v.Calhoun (1981), 2 Ohio App.3d 472, 442 N.E.2d 1306; State v. Deutsch
(Jan. 10, 1991), Franklin App. No. 90AP-195. It is therefore not in his best interest to seek a consecutive sentence. With regard to the remaining claims, we note that defendant has not provided us with transcripts of the plea or sentencing proceedings, and has not provided a statement of the evidence. Accordingly, we must presume regularity and reject these claims. State v. Teman, Van Wert App. No. 15-03-13,2004-Ohio-1949, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. Moreover, we can discern no manifest injustice which would justify the post-sentence withdrawal of defendant's guilty plea in accordance with Crim.R. 32.1.
Judgment affirmed.
Sweeney, J., and Calabrese, Jr., J., concur.