MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant, Orlando Yett, appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted of possession of crack cocaine. After the trial court overruled Yett's motion to suppress evidence of the cocaine found on his person, Yett pleaded no contest to the charge. The court then sentenced him to three years in the department of corrections. Yett advances two assignments of error in support of this appeal. Finding neither of the assignments to have merit, we affirm the judgment of the lower court.
In his first assignment of error, Yett urges that the lower court erred by overruling his motion to suppress evidence. Yett claims that the state obtained the evidence against him pursuant to an unlawful search. The parties do not dispute that Yett was apprehended and arrested without a search warrant.
At the hearing on the motion to suppress, Cincinnati Police Officer Jim Warner testified that on July 1, 1997, he received information from a reliable, confidential informant that a person named Yett was driving a gray Toyota Land Cruiser with temporary license tags. According to the informant, the vehicle was registered to a person named Grant, and Yett was using it to distribute cocaine in the Avondale neighborhood of Cincinnati. The informant also told Warner that Yett kept the cocaine concealed in his underwear because Yett believed that the police would not search there for contraband.
Approximately ninety minutes after receiving this information, Warner observed a gray Land Cruiser with temporary tags parked at a drive-through store at the corner of Woolper and Vine streets. Warner testified that his computer inquiry about the temporary tag number disclosed that the vehicle he was observing was registered to a person named Grant. He decided to remain where he was and observe the vehicle.
From his unmarked car, Warner watched as three or four individuals got into the Land Cruiser. They entered one at a time, remained in the vehicle for a short period of time, then departed. Because the windows of the vehicle were tinted, Warner could not see what occurred in the Land Cruiser. Thereafter, the Land Cruiser drove away and Warner followed.
Warner stated that he requested that a police officer in a marked police cruiser stop the Land Cruiser. Warner verified that Yett stepped out of the vehicle on the driver's side when the Land Cruiser was stopped. According to Warner, the uniformed officers requested permission to search the vehicle, and Yett consented. That search yielded no contraband.
Warner also testified that Yett consented to a pat-down search of his person upon request. Yett claimed that he never gave the officers permission to search either his car or him. The officer who conducted pat-down search reported that he felt an object near Yett's crotch, in the area where the informant had stated the contraband was carried. When he was asked what the object was, Yett responded that he did not know. The officers then arrested Yett and took him to a nearby stationhouse so that a strip search of Yett's person could be performed. During that search, the officers recovered a plastic bag containing approximately seven grams of cocaine from the area of Yett's buttocks.
Yett asserts that the police officers' search of his person when they stopped his vehicle was invalid because the officers had no warrant for his arrest and because the search was not limited to a Terry-type pat-down for weapons. See Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868. Yett also claims that he never consented to be searched.
At a suppression hearing, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v.Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; see, also,State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. See State v. Guysinger (1993), 86 Ohio App.3d 592,594, 621 N.E.2d 726. Accepting those facts as true, we must then independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. See Ornelas v. United States (1996),517 U.S. 690, 116 S.Ct. 1657; State v. Klein (1991), 73 Ohio App.3d 486,488, 597 N.E.2d 1141; Williams and Guysinger, supra.
An arrest or other seizure without a warrant is constitutionally invalid unless the arresting officer has probable cause at that time to effect the seizure. See State v. Timson (1974),38 Ohio St.2d 122, 311 N.E.2d 16, paragraph one of the syllabus. Probable cause exists when the arresting officer has sufficient information from a reasonably trustworthy source to warrant a prudent person in believing that the suspect has committed or is committing an offense. See id., citing State v. Fultz
(1968), 13 Ohio St.2d 79, 234 N.E.2d 593; see, also, State v.Otte (1996), 74 Ohio St.3d 555, 660 N.E.2d 711. In making the determination of whether an officer had the requisite probable cause justifying a warrantless search, the United States Supreme Court has adopted the "totality of circumstances" approach. SeeIllinois v. Gates (1983), 462 U.S. 213, 230-231,103 S.Ct. 2317, 2328-2329.
Based upon the evidence adduced at the hearing on the motion to suppress, we hold that the officers who stopped Yett's vehicle had probable cause to stop him and that the ensuing searches were also constitutionally appropriate. The evidence at the hearing demonstrated that the information Warner had received from the informant was accurate. Warner saw the gray Land Cruiser with temporary tags, and he confirmed that the vehicle was registered to a person named Grant, as the informant said it would be. Upon observing the vehicle, Warner saw conduct consistent with the informant's claim that Yett was distributing drugs from the vehicle.
Based on the information that he had from the informant and the conduct he observed firsthand, Warner had probable cause to suspect that Yett had just engaged in unlawful drug transactions, thus justifying Yett's arrest. Although the officers did not immediately arrest Yett upon stopping his vehicle, the short passage of time did not negate the presence of probable cause to arrest. The officers could lawfully search Yett pursuant to the lawful arrest. Moreover, no evidence was actually seized pursuant to the initial pat-down performed by the officers, which is the search to which Yett objects. There was simply no evidence from that search to suppress.
Only after Yett was arrested and taken to a police station were the drugs located and seized. The strip search at the station was a search pursuant to the lawful arrest. Because the evidence was obtained pursuant to a lawful seizure, it was not subject to exclusion, and the trial court did not err in denying the motion to suppress.
Probable cause to arrest was established before discovery of the object in Yett's pants. Thus, the search that resulted in the discovery of the object was immaterial to the lawfulness of Yett's arrest and subsequent search, and Yett's arrest cannot be said to be the result or fruit of any unlawful search that would require suppression of all evidence obtained after the arrest.
Furthermore, the lower court found, as was within its province, that the pat-down search that revealed the concealed item was consensual. Warner testified that Yett consented; Yett testified that he did not consent. The trial court had a classic credibility determination to make, and it determined that Warner was the more credible witness. The trial court was in the best position to judge the demeanor and reliability of the witnesses at the hearing, and we hold that the court's decision is supported by the evidence adduced at the hearing.
Yett maintains, however, that the cocaine that the officers retrieved must be suppressed because they failed to obtain the consent of a supervisor before they conducted the strip search, in violation of R.C. 2933.32. However, the exclusionary rule does not operate to exclude evidence that is obtained in violation of a state law if the violation does not rise to a constitutional level. See State v. Droste (1998), 83 Ohio St.3d 36,697 N.E.2d 620; Kettering v. Hollen (1980), 64 Ohio St.2d 232, 234-235,416 N.E.2d 598, 600.
For the foregoing reasons, the first assignment of error is overruled.
In his second assignment of error, Yett challenges the lower court's sentence of three years' incarceration, claiming that the sentence is so disproportionate to the severity of the offense that the sentence is unconstitutional. We do not agree.
Because of the amount of cocaine Yett was convicted of possessing, incarceration was mandatory. The sentence imposed was within the limits of the sentencing statute and was less than the five-year maximum. The lower court considered the relevant factors of R.C.2929.12 and 2929.13, including the likelihood of recidivism and amenability to community control. Specifically, the record demonstrates that Yett had been adjudicated delinquent for drug trafficking on more than one occasion and had at one time been committed to the Ohio Youth Commission. A year after his release from the Ohio Youth Commission, Yett was incarcerated again, this time as an adult.
Because the sentence was within the statutory sentencing guidelines, no error can be predicated on the sentence actually imposed simply because it was above the minimum allowed. See,e.g., State v. Pringle (July 30, 1997), Hamilton App. No. C-960880, unreported, citing State v. Sabatino (1995), 102 Ohio App.3d 483,657 N.E.2d 527. The court properly considered the factors in R.C. 2929.12 and R.C. 2929.13 in determining the term of incarceration to be imposed. Therefore, we hold that the trial court did not err in sentencing Yett to three years' incarceration.
Accordingly, the second assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on March 12, 1999 per order of the Court _______________________________.
Presiding Judge