The State of Ohio, Appellee, *v.* Fultz, Appellant.

(No. 41004—Decided February 28, 1968.)

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Messrs. Morr & Gilday* and *Mr. Bernard J. Gilday, Jr.,* for appellant.

MATTHIAS, J. The primary question raised by this appeal is whether an arresting officer may base his belief that a felony has been committed on information received by him from a broadcast over the police radio. It is the appellant's position that such a source of information is not reliable enough to furnish the officer with probable cause to make the arrest.

In disposing of this question it is well to consider the realities of crime and law enforcement in present-day society. To effectively combat crime today, the concerted effort of local, state and federal officers, with their vast network of radio and teletype communication systems, is required. The present-day criminal is a mobile criminal. Because of his use of the motor vehicle and other means of rapid transportation even a slight delay in his apprehension will give him an opportunity to be far removed from the scene of the crime and the person or persons he has injured or exploited. The criminal-at-large is a threat to society; thus, it is the duty of the police to apprehend him at the earliest opportunity not only because of the crime committed but to prevent further depredations by him.

Although possibly not recognized by the average citizen, the prevention of crime is fully as much a part of

police duty as the apprehension of the criminal. A forceful deterrent to criminal activity is provided when officers of the law are able to quickly apprehend suspected violators. To do this they must avail themselves of the best means of alerting fellow officers that the suspect is wanted. The police are entitled to use modern technological advances to cope with the use thereof by the modern-day criminal. The police radio is one of such advances and is the normal and logical method to alert law enforcement officers in surrounding areas that a crime has been committed and a suspect is wanted. Information received on a police broadcast is in the nature of an official communication, and ordinarily it must be considered as a trustworthy source of information.

A police officer necessarily relies on the information he receives over the police radio, and upon the receipt of such information it is the duty of the officer to act and act quickly. And, where the information is such as to give the officer reasonable grounds to believe a felony has been committed, then he has probable cause to make an arrest.

In the instant case, the arresting officer was a state highway patrolman. Section 5503.02, Revised Code, provides in part:

"* * * The superintendent of the state highway patrol or any patrolman may arrest without a warrant any person, who is the driver of or a passenger in any vehicle operated or standing on a state highway, who he has reasonable cause to believe is guilty of a felony, under the same circumstances and with the same power that any peace officer may make such arrest. * * *"

Furthermore, Section 2935.04, Revised Code, reads as follows:

"When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, *any person without a warrant* may arrest another whom he has *reasonable cause to believe* is guilty of the offense, and detain him until a warrant can be obtained." (Emphasis added.) It is worth noting that, under the terms of this statute, even a private citizen may make an

arrest upon reasonably reliable information that a felony has been committed.

For an arrest without a warrant to be constitutionally valid the arresting officer must have probable cause to make it at that time. To have probable cause the officer must have sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused. *Brinegar* v. *United States*, 338 U. S. 160; *Henry* v. *United States*, 361 U. S. 98, 102; and *Beck* v. *Ohio*, 379 U. S. 89.

The officer in the instant case testified that at the time of the arrest he believed that a felony had been committed by the appellant. The question is: Did he have reasonable grounds for such belief? This is a question of fact and is dependent upon the information the officer received from the police radio message.

Unfortunately, the record does not contain a complete statement of what went out over the police radio. However, from the testimony in the record, it is clear that the officer learned from the police radio that appellant had assaulted persons in a trailer court with a gun (a felony under Section 2901.241, Revised Code); that he was armed; and that a warrant had been issued for his arrest. Certainly, with such information in his possession the officer had probable cause to make the arrest. The arrest, therefore, was valid.

Appellant has also questioned the validity of the search of his car which produced the weapon upon which the present conviction for carrying a concealed weapon is based. The officer had been informed that appellant was armed, and the search, made by a second officer arriving a few minutes later, was conducted as an incident of the arrest. It is now well settled that a search of a motor vehicle incident to a valid arrest is a valid search. *Brinegar* v. *United States, supra* (338 U. S. 160). See *Dixon* v. *Maxwell*, 177 Ohio St. 20; *Draper* v. *United States*, 358 U. S. 307; *Harris* v. *United States*, 331 U. S. 145; and *United States* v. *Rabinowitz*, 339 U. S. 56.

Having determined that the arrest in the present case was valid, we conclude that the search was also valid.

There being no error prejudicial to appellant, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT and BROWN, JJ., concur.