[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant Samuel T. Reddrick appeals from his convictions and sentences, in two separate cases, for Trafficking and for Failure to Comply with an Order or Signal of a Police Officer. Reddrick contends that the trial court erred by denying his motion to suppress evidence in each case. In the Trafficking case, Reddrick contends that the evidence obtained as a result of an unlawful arrest. Reddrick contends that the arrest was not supported by probable cause. We conclude, however, that the arrest was supported by probable cause.
With respect to the Failure to Comply case, Reddrick contends that evidence was obtained as a result of an unlawful stop. In our view, there is evidence in the record from which the trial court could find, as it did, that the stop was lawful.
Because we find no error, the judgment of the trial court isAffirmed.
 I A.
In the trafficking case, Case #96-CR-3641 in the trial court, Trotwood police officers David Adkins and Brian Williams testified that they had arranged to have an informant, Felicia Philips, buy heroin from a person known to her as "Buster." Their intent was to monitor the transaction by wiring Phillips. The purchase was arranged by Phillips by telephone, and Williams was able to hear both ends of this conversation while he was next to Phillips. He could overhear this conversation, in which the purchase of ten to twelve units of heroin was arranged.
Pursuant to this arrangement, Reddrick arrived at the parking lot of a Taco Bell on Salem Avenue about twenty minutes later. Phillips got into Reddrick's car, and Reddrick drove off. As a result, the conversation between Reddrick and Phillips could not be monitored over the body wire. About five minutes later, Reddrick returned to the parking lot, Phillips got of Reddrick's car, and handed Williams what appeared to be ten unit doses of heroin in clear gel capsules. At this point, Reddrick was arrested, and his car was towed and searched. A clear gel capsule was found in his car.
Reddrick filed a motion to suppress the evidence obtained as a result of his arrest, contending that his arrest was not supported by probable cause. Following a hearing, his motion to suppress was overruled. Thereafter, he pled no contest to one count of Trafficking, was found guilty, and was sentenced accordingly. Reddrick appeals from his conviction and sentence for Trafficking.
 B.
On October 6, 1996, Dayton police officer Roger Kielbaso noticed a car being driven by Reddrick. Kielbaso noticed that Reddrick failed to use his turn signal to make a turn, and began to follow Reddrick. While following Reddrick, Kielbaso noticed that Reddrick's car had no rear license plate light. Kielbaso effected a traffic stop based upon the two violations that he observed.
After Kielbaso got out of his cruiser and began walking toward Reddrick's car, Reddrick sped off and left the scene. Kielbaso and his partner jumped back in their cruiser, and began pursuit. Kielbaso described Reddrick's driving during the pursuit as erratic and reckless. He kept Reddrick in his visual line of sight during the chase, and eventually caught Reddrick after Reddrick had pulled into a private driveway. Kielbaso described what happened next as follows:
 A. He opened up his car door. We immediately got out of our patrol vehicle and ran over to the vehicle, feeling that he was attempting to bail out of the car.
 Q. Okay, what made you think that he was attempting to bail out of the car?
 A. Because the car door swang open violently, and we had been pursuing him. We thought maybe he was going to bail out.
 Q. And that was the driver's door of the defendant's vehicle.
A. Yes.
 Q. Was there anyone else in the car with him at that point?
A. No.
 Q. Did he in fact bail out, to use your terminology, of his vehicle at that time?
A. No, he did not.
Q. What happened?
 A. Officer Howard and I immediately got up to the driver's door. We contacted Reddrick, the defendant.
 Q. And were you able to observe anything at that point in time?
A. Yes, we were.
Q. What were you able to observe?
 A. He was holding a baggie in his left hand, had a number of what looked to be gel caps in the baggie.
Q. And what did he do with the baggie?
 A. He turned it over upside-down and started shaking it violently, trying to get the contents out of the baggie onto the ground through the open door.
Although Reddrick was cited for making a turn without a signal and for not having a working license plate light, these charges were dismissed for reasons that do not appear in the record. Reddrick was indicted for Possessing Cocaine, and for Eluding a Police Officer with a Motor Vehicle. Reddrick moved to suppress evidence, contending that it had been obtained as a result of an unlawful stop. Following a hearing, his motion to suppress was overruled. Thereafter, he pled no contest to Eluding, and the Possession of Cocaine count was dismissed. Reddrick was found guilty on the Eluding count, and sentenced accordingly. From his conviction and sentence, Reddrick appeals.
 II
Reddrick's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN CONCLUDING THAT TROTWOOD POLICE HAD PROBABLE CAUSE TO ARREST APPELLANT AND IN DENYING THE MOTION TO SUPPRESS EVIDENCE, WHEN POLICE TESTIMONY SHOWS THAT THE POLICE LOST ALL TRANSMISSION FROM THE WIRE INSTALLED ON THE INFORMANT THROUGHOUT THE PERIOD OF THE ALLEGED DRUG TRANSACTION, WERE UNABLE TO MONITOR THE ALLEGED DRUG TRANSACTION BY MEANS OF THE WIRE OR BY PERSONAL OBSERVATION, AND WERE ONLY TOLD ABOUT THE ALLEGED DRUG TRANSACTION IN A POST-INVESTIGATION INTERVIEW OF THE INFORMANT AFTER APPELLANT'S ARREST.
Reddrick contends that because the police were not able to hear the transaction, if any, that occurred between Phillips, the confidential informant, and Reddrick, they were without probable cause to arrest Reddrick. Reddrick points out that his arrest preceded any oral report by Phillips concerning the transaction.
In our view, there was probable cause to make the arrest. Williams had overheard both ends of a telephone conversation in which Phillips, the confidential informant, had arranged to purchase several units of heroin. Reddrick arrived on the scene pursuant to this arrangement, and drove off with Phillips. Just five minutes later, Reddrick and Phillips returned. Phillips got out of Reddrick's car, went to the police officers, and presented them with what appeared to be a gel capsule containing heroin. Reddrick argues that these circumstances fall short of probable cause to believe that Reddrick had committed an offense, pointing out that Reddrick may simply have driven Phillips to a location where she was able to purchase heroin from some other individual.
Probable cause does not require proof beyond reasonable doubt. Probable cause exists when an arresting officer has sufficient information to warrant a reasonable person in believing that a felony has been committed by the accused. State v. Fultz
(1968), 13 Ohio St.2d 79, first paragraph of syllabus.
Reddrick and Phillips had only been gone for five minutes. While it is possible that Reddrick was not involved in the transaction in which Phillips obtained the heroin, we conclude that the arresting police officers could reasonably have believed, based upon these circumstances, that Reddrick was involved in the transaction.
Reddrick's First Assignment of Error is overruled.
 III
Reddrick's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN CONCLUDING THAT DAYTON POLICE HAD PROBABLE CAUSE TO STOP APPELLANT'S CAR AND IN DENYING THE MOTION TO SUPPRESS EVIDENCE, WHEN EVIDENCE SHOWS THAT THE CHARGES OF FAILING TO SIGNAL A TURN AND NO LICENSE PLATE LIGHT WERE DISMISSED BY THE MUNICIPAL COURT, AND IN CONCLUDING THAT APPELLANT POSSESSED A BAGGIE CONTAINING A CONTROLLED SUBSTANCE IN PLAIN VIEW OF POLICE WHEN TESTIMONY SHOWED THAT APPELLANT HAD AMPLE OPPORTUNITY TO DISPOSE OF ANY DRUGS DURING THE CHASE BY POLICE.
Essentially, Reddrick argues that the testimony of the police officers that he was caught, following the chase, with drugs in hand is not credible. He argues that a person in his position would certainly have managed to get rid of the incriminating evidence during the chase, before apprehension.
We understand Reddrick's argument, but the finder of fact, who saw and heard the witnesses, chose to believe the police officers. In our view, the testimony of the arresting officers is not inherently incredible, and we are persuaded that the trial court's findings of fact are not against the manifest weight of the evidence. Furthermore, Reddrick testified, and he admitted that he fled from the police. He claimed that he was afraid for his life, but even if that were the case and he would have had a meritorious defense at trial, the police had probable cause, at least, to chase him and to arrest him for Eluding.
Reddrick's Second Assignment of Error is overruled.
 IV
Both of Reddrick's assignments of error having been overruled, the judgment of the trial court in both cases, Nos. 96-CR-3183 and 96-CR-3641, is Affirmed.
BROGAN, and WOLFF, JJ., concur.
Copies mailed to:
Karyn J. Lynn
John J. Gideon
Hon. David Sunderland