OPINION AND JUDGMENT ENTRY
Appellant, Jon P. Kitchen, brings this accelerated appeal challenging his Maumee Municipal Court conviction for driving under the influence of alcohol. Because we conclude that the trial court properly denied appellant's motion to suppress, we affirm.
On August 5, 1998, a Maumee police officer stopped appellant. The officer made the stop on information broadcast by a police dispatcher who reported that a semi-truck meeting the description of the one driven by appellant was being operated by a man believed to be intoxicated. The dispatcher reportedly obtained this information from a motorist who called from a telephone in the Maumee police station. The informant reported that appellant had attempted to U-turn his truck at a nearby intersection and then headed north on Reynolds Road, towards the Ohio Turnpike. When appellant approached the informant to ask for directions, the informant observed that appellant had trouble standing up, smelled of alcohol and had slurred speech. The informant described appellant's truck as blue with the word "Compass" written on the side.
The officer was in the immediate vicinity when he heard the dispatcher's broadcast and drove to Reynolds Road near the Turnpike. There, the officer observed a northbound truck, matching the description given, stopped at a stoplight. The officer pulled in behind the truck, activated his lights and stopped the truck as it moved up the Turnpike entrance ramp.
As a result of the stop, appellant was charged with a violation of Maumee Municipal Code § 333.01(A). He pled not guilty and moved to suppress all evidence on the grounds that the police investigatory stop was without reasonable articulable suspicion that a crime was being committed.
At the suppression hearing, the arresting officer testified that his only basis for stopping appellant was the information broadcast by the police dispatcher. Over appellant's hearsay objections, the court admitted the contents of the broadcast not "for the truth of the matter asserted." The dispatcher did not testify.
Ultimately, the trial court overruled the suppression motion. Appellant then amended his plea to no contest and was found guilty. Appellant's sole complaint on appeal is that the trial court erred in overruling his motion.
A police officer may derive articulable suspicion from any number of reliable sources, including information from other police officers. See State v. Henderson (1990), 51 Ohio St.3d 54, syllabus; State v. Fultz (1968), 13 Ohio St.2d 79, 81. State v.Hill (1981), 3 Ohio App.3d 10, 11. A police radio broadcast may provide the basis for an arrest or a detention, even in the absence of complete knowledge of the facts underlying the request for assistance on the part of those who act in reliance on the broadcast. State v. Holmes (1985), 28 Ohio App.3d 12, 16.
In other words, a police dispatcher acts as a relay of official information provided to police departments. See State v. Fultz,supra.
At a hearing on a motion to suppress, the state has the burden of proof to show the factual basis for the stop, by either identifying the source of the dispatching officer's information or the acting officer's corroborating facts which gave rise to the reasonable suspicion of criminal activity. State v. Evans (1998),127 Ohio App.3d 56, 60-61; State v. Holmes, supra, at 16; State v.Hill (1981), 3 Ohio App.3d 10, 12-13. Cf. State v. Good (1987),37 Ohio App.3d 174 (on motion to suppress, state not required to prove factual basis for broadcast which was sole information acted on by police officer to make investigative stop and arrest). Where, under a totality of the circumstances, competent evidence is presented which establishes the reliability of the information given by an informant to the dispatcher, a trial court's denial of a motion to suppress will not be disturbed. Waterville v. Reynolds (Jan. 23, 1998), Lucas App. No. L-97-1056, unreported. See also Maumee v. Weisner (Aug. 21, 1998), Lucas App. No. L-97-1409, unreported.[1] The specific nature of the information contained in a police bulletin cannot alone be used to prove that the action of the police was based upon reliable information. State v. Hill, supra; State v.Weisner, supra.
In the present case, the arresting officer's testimony regarding the dispatcher's broadcast was offered not to prove that appellant was driving while intoxicated, but rather to demonstrate why the officer stopped appellant's semi-truck. Thus, the officer's testimony as to the dispatched information was not hearsay. See Evid.R. 801(C); State v. Watkins (Jan. 4, 1995), Delaware App. No. 94CAC03009, unreported; State v. Kesterson (Oct. 24, 1994), Fairfield App. No. 17-CA-1994, unreported.
We must now determine whether the state presented sufficient evidence concerning the reliability of the information that was reported to the dispatcher. In the present case, the information relayed to the arresting officer was received from an informant who had close contact with appellant and who actually went to a nearby police station to report the suspected drunk driver. While the identity of the informant was not disclosed, in our view, the fact that the informant presented himself at the police station distinguishes him from the anonymous informant who merely calls from some unknown location. See State v. Ramey (Aug. 14, 1998), Hamilton App. No. C-970588, unreported; State v.Claiborne (Jan. 24, 1997) Montgomery App. No. 15964, unreported;State v. Leonhardt (Sept. 25, 1996), Hamilton App. Nos. C-950193, C-950194, C-950258, and C-960259, unreported (citizen informants who present themselves in person are presumed to be reliable.) Moreover, the officer sighted appellant, whose truck and travel direction matched the description given, within a short time and close distance from the location first reported by the informant.
Consequently, the evidence presented established that the stop was based not only upon the information as to the suspected drunk driver, but also on the reliability of an informant who observed appellant at close range and then personally presented himself at a police station to report the incidents. In our view, under the facts of this case, the state presented sufficient evidence that the arresting officer had reasonable, articulable suspicion to stop appellant's truck. Therefore, the trial court properly denied appellant's motion to suppress. Accordingly, appellant's assignment of error is not well-taken.
The judgment of the Maumee Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE James R. Sherck, J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE CONCUR.
[1] In Maumee v. Weisner, supra, we held that the state failed to present sufficient competent evidence to establish reliability of the information leading to appellant's arrest. However, under the facts of that case, we determined that the testimony of the arresting officer failed to establish any competent evidence regarding either the reliability of the anonymous cellular phone caller or that the officer had any independent factual basis for the arrest. Reliability of the information is the "lynchpin" to whether or not such information establishes the requisite reasonable, articulable suspicion leading to the stop. See also State v. Handley (Feb. 1, 1999) Clermont App. No. CA98-04-028, unreported; State v. Turner (Apr. 1, 1998), Wayne App. No. 96CA0096, unreported.