JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Johnson's first assignment of error, alleging that the trial court erred in overruling his motion to suppress evidence that was the fruit of an illegal arrest, is overruled. In State v. Fultz
(1968), 13 Ohio St.2d 79, 234 N.E.2d 593, syllabus, the Ohio Supreme Court stated,
 To have probable cause to arrest without a warrant an officer must have sufficient information from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused.
 Where a police officer has received information over the police radio and that information is such as to give the officer reasonable grounds to believe a felony has been committed, such officer has probable cause to make an arrest.
 In this case, police had information through a radio broadcast that a burglary had taken place. The broadcast included a general description of the suspects and a detailed description of the automobile used in the burglary, including the license plate number. Police located the automobile matching the description and the license plate number, along with two suspects matching the general descriptions given in the broadcast. In addition, police had received a radio broadcast earlier that day regarding criminal activity involving the same automobile and three suspects. Based upon this information, police stopped Johnson, who matched the general description and was in the proximity of the automobile and the other suspects. When police linked Johnson to the other two suspects and the automobile, he was arrested.
We hold that police had sufficient reliable information to warrant the belief that Johnson had committed a felony.
Therefore, there was probable cause for his arrest.
Johnson's second assignment of error, which alleges that the trial court erred in imposing consecutive sentences upon him without making the findings required by R.C. 2929.14(E)(4), is overruled. Trial courts need not recite "talismanic words" when imposing criminal sentences. State v. Mirmohamed (1998),131 Ohio App.3d 579, 723 N.E.2d 152; see State v. Beasley (Mar. 26, 1999), Hamilton App. No. C-980535, unreported. Following a review of the record, including the transcript of the sentencing hearing and the trial court's felony sentencing worksheets, we hold that the trial court made sufficient findings to impose consecutive sentences upon Johnson pursuant to R.C. 2929.14(E)(4).
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________ Doan, P.J.
Painter and Sundermann, JJ.