OPINION
Appellant, Kenneth Taylor, appeals from the judgment of the Willoughby Municipal Court, denying his motion to suppress evidence.
On August 19, 1999, at approximately 10:30 p.m., Patrolman Richard Greer of the Eastlake Police Department, was driving westbound on Lakeshore Boulevard when he observed appellant's vehicle traveling eastbound without illuminated headlights. Patrolman Greer made a U-turn on Lakeshore Boulevard in order to stop appellant's vehicle. As a result of the stop, appellant was charged with one count of "lighted lights," in violation of Eastlake Codified Ordinance ("ECO") 337.02(A); one count of failure to comply, in violation of ECO 303.01(A); and one count of resisting arrest, in violation of ECO 525.09(a).
On September 22, 1999, appellant filed a motion to suppress evidence and a motion to dismiss all charges filed against him. In his motions, appellant argued that all evidence obtained by Patrolman Greer should be suppressed because his constitutional rights were violated by the officer's excessive use of force during the investigative stop. Appellant also argued that his arrest was unlawful because the patrolman lacked probable cause to believe that he committed any crime for which he could be arrested.
On October 5, 1999, a magistrate heard the matter. At the hearing, Patrolman Greer and appellant gave conflicting testimony about the events that occurred during the investigatory stop. Patrolman Greer testified that the headlights on appellant's vehicle were off until he activated his overhead lights. As appellant pulled to the side of the road, he flipped his lights on. The patrolman testified that he asked appellant for his license and registration and told him that he had been stopped because he was driving without his lights on. Appellant responded that his lights were on and told the patrolman that he wanted to get out of the car to check his lights. Patrolman Greer testified that the following exchange then took place:
 PATROLMAN GREER: "I told him, `No. Stay in the vehicle, let me see your driver's license.'
"He said, again, `I want to check my lights.'
 "I said, `Your lights are on now. Stay in the vehicle,' at which point, he opened his door.
 "I grabbed a hold of the open door, told him to stay in the vehicle, at which point, he forced his way out of the vehicle by pushing the door open and pushing me out of the way.
 "At that point, I grabbed him, pushed him up on to the hood of the car, informing him he was under arrest. He pushed off the vehicle, looked at the headlights, [and] said, `See, they're on,' [and] started to walk back.
 "I told him [to] place his hands on his vehicle, he was under arrest, at which point, he proceeded to get back in his vehicle. As he sat back down in the driver's seat, I reached in and turned off the ignition, so he could not continue forward, which, I believed his intent was * * * to drive off on me."
ATTORNEY TREBETS: "What did you do next?"
 PATROLMAN GREER: "I reached in, turned off the engine. He reached for the keys to try to turn it back on, at which point, I pulled out my pepper spray and I sprayed him in the vehicle. At that time, I ordered him out of the vehicle.
 "He came out of the vehicle, I had him lay down on the ground, at which point, I handcuffed him. During the handcuffing, he tried to push himself up off the ground a couple times, at which point, I had to force him back down and actually lay down on top of him, until backup arrived."
Appellant testified that his headlights were illuminated while he was driving, that he got out of his vehicle to check his lights, and that the patrolman never told him to stay in his vehicle or that he was under arrest. Appellant further testified that because Patrolman Greer was having trouble getting his keys out of the ignition, he helped the officer by taking the keys out for him. According to appellant, the patrolman unnecessarily used pepper spray on him, shoved him to the ground, and pushed his face into the pavement. At the conclusion of the hearing, the magistrate denied appellant's motion to suppress and motion to dismiss.
On October 8, 1999, as a result of a plea bargaining agreement, the trial court dismissed the charges for "lighted lights" and failure to comply, and appellant entered a plea of no contest to one count of resisting arrest. The trial court accepted appellant's plea and found him guilty. From his judgment of conviction, appellant assigns the following error:
 "The trial court erred to the prejudice of the defendant-appellant when it overruled a motion to suppress."
Before we address the merits of appellant's assignment of error, we must first state that it is error for a trial court to refer a motion to suppress to a magistrate. State v. Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, unreported. However, a defendant must either object to the trial court's referral at the outset or must file a written objection to the magistrate's order pursuant to Crim.R. 19(C), in order to preserve the issue for appeal. Id. In the instant matter, the error was waived because appellant did not challenge the referral at the outset or through a Crim.R. 19(C) objection.
We will now address appellant's sole assignment of error, which alleges that the trial court erred by denying his motion to suppress. Appellant contends that his arrest was unlawful because Patrolman Greer arrested him for a minor misdemeanor in violation of R.C. 2935.26. Appellant further asserts that the charge of resisting arrest should have been dismissed because a lawful arrest is an essential element of the offense of resisting arrest. Appellant also contends that the use of unnecessary and excessive force by the patrolman constitutes a defense to the offense of resisting arrest.
R.C. 2935.26, Issuance of Citation for Minor Misdemeanor, provides:
 "(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:
 "(1) The offender requires medical care or is unable to provide for his own safety.
 "(2) The offender cannot or will not offer satisfactory evidence of his identity.
"(3) The offender refuses to sign the citation.
 "(4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:
"(a) Appear at the time and place stated in the citation;
 "(b) Comply with division (C) of this section." (Division [C] provides a means of pleading guilty and paying the fine without a court appearance.)
The Supreme Court of Ohio recently held that "[a]bsent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution * * *." State v. Jones (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, at syllabus. Although none of the exceptions set forth in R.C. 2935.26 apply to appellant, appellant's arrest cannot be considered unlawful because, contrary to appellant's contention, he was not arrested for committing the minor misdemeanor offense of "lighted lights"; the record in this case demonstrates that appellant was arrested for the offense of failure to comply with a lawful order of a police officer.
Appellant erroneously asserts that because he was free from arrest pursuant to R.C. 2935.26 for a "lighted lights" violation, he had the right to exit his vehicle to inspect his headlights. At the suppression hearing, Patrolman Greer testified that he repeatedly ordered appellant to stay in his vehicle. According to the patrolman, appellant refused to comply and forced his way out of the car by pushing the driver's side door into the officer. After appellant disobeyed Patrolman Greer's order, the officer informed appellant that he was under arrest. Although appellant testified that the patrolman never told him to stay in the car or informed him that he was under arrest, the magistrate, who was in the best position to evaluate the credibility of the witnesses, chose to believe Patrolman Greer's version of the events. See State v. DePew
(1988), 38 Ohio St.3d 275, 277, 528 N.E.2d 542.
A warrantless arrest is lawful if the arresting officer had probable cause to make the arrest at that time. State v. Timson (1974),38 Ohio St.2d 122, 311 N.E.2d 16, paragraph one of the syllabus. Patrolman Greer was permitted to arrest appellant for the commission of a first degree misdemeanor because the offense was committed in his presence. See State v. Henderson (1990), 51 Ohio St.3d 54, 56,554 N.E.2d 104. Probable cause exists when the arresting officer has sufficient information from a reasonably trustworthy source to warrant a prudent person in believing that the suspect has committed or was committing the offense. Timson, supra, citing State v. Fultz (1969),13 Ohio St.2d 79, 234 N.E.2d 593.
Eastlake Codified Ordinance 303.01(a) provides that "[n]o person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." The record in this case demonstrates that appellant failed to obey Patrolman Greer's order to stay in his vehicle; therefore, we conclude that appellant's arrest did not violate his Fourth Amendment rights because the patrolman had probable cause to believe that appellant had committed the first degree misdemeanor offense of failing to comply with a lawful order of a police officer.
Appellant also argues that the police's use of unnecessary and excessive force constitutes a defense to the offense of resisting arrest. Given Patrolman Greer's belief that appellant was attempting to drive away from him, we do not believe that the officer used excessive force by pepper spraying appellant. Nor can we conclude that the patrolman's use of force was inappropriate or excessive in the context of appellant's refusal to cooperate with the officer's orders. Because appellant's arrest for failure to comply was lawful, appellant's motion to suppress and motion to dismiss were properly denied. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Willoughby Municipal Court is affirmed.
 ____________________________________ NADER, J.
FORD, P.J., O'NEILL, J., concur.