OPINION
Plaintiff-appellant, the state of Ohio, appeals the judgment of the Franklin County Court of Common Pleas granting a motion to suppress evidence filed by defendant-appellee, Arthur R. Jordan.
On October 17, 2000, the Franklin County Grand Jury indicted appellee on two counts of robbery. The counts were based on an allegation that appellee stole the purse of Norma Hildebrand on October 8, 2000, as she waited outside a funeral home. Appellee filed a motion to suppress the victim's in-court and pre-trial identifications. The trial court held a hearing on the motion and, ultimately, granted the motion to suppress the pre-trial and in-court identifications.
Appellant appeals, raising three assignments of error:
 ASSIGNMENT OF ERROR ONE THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLEE'S ARREST WAS INVALID AS THE OFFICER ENTERED APPELLEE'S HOUSE HAVING BOTH PROBABLE CAUSE TO ARREST APPELLANT AND EXIGENT CIRCUMSTANCES TO ENTER THE HOUSE.
 ASSIGNMENT OF ERROR TWO EVEN IF APPELLEE'S ARREST WERE INVALID, THE TRIAL COURT ERRED IN SUPPRESSING THE PRETRIAL IDENTIFICATION.
 ASSIGNMENT OF ERROR THREE EVEN IF THE ARREST WAS ILLEGAL AND THE PRETRIAL IDENTIFICATION IMPROPER, THE COURT ERRED IN SUPPRESSING THE IN-COURT IDENTIFICATION.
Appellant's first assignment of error concerns the validity of appellee's arrest. Appellee filed a motion to suppress challenging, in part, his arrest without a warrant while in his house by Columbus Police Officer Richard Criner. The trial court concluded that appellee's arrest was invalid and, as noted above, granted the motion to suppress. In a judgment entry detailing its decision, the trial court stated:
 The Court found [appellant] failed to overcome the presumption of unreasonableness of warrantless searches attaching to all home entries. [Appellant] failed to establish the exigent circumstances and/or exception to the warrant requirement which allowed the police to search and seize [appellee] in his residence.
We have previously recognized that appellate courts are bound to accept a trial court's findings of fact in a suppression hearing if they are supported by competent, credible evidence. State v. Guinn (June 1, 2000), Franklin App. No. 99AP-630, unreported. However, the United States Supreme Court has held that "as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal" in cases involving warrantless stops, searches and arrests. Ornelas v. United States (1996), 517 U.S. 690, 699. Thus, we determine independently, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standards. State v. Price (Sept. 21, 2000), Franklin App. No. 99AP-806, unreported; State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623,627; State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
Here, appellant contends that Officer Criner was justified in entering appellee's home to make the warrantless arrest. Specifically, appellant asserts that Officer Criner had probable cause to arrest appellee. In addition, appellant contends that exigent circumstances existed to allow Officer Criner to enter appellee's home to make the arrest. We agree with appellant's contentions.
"The standard for a constitutionally valid arrest is probable cause, `defined in terms of facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'' ' " State v. Tibbetts (2001), 92 Ohio St.3d 146,153, quoting Gerstein v. Pugh (1975), 420 U.S. 103, 111-112.
At the suppression hearing, Officer Criner testified that, on October 8, 2000, he received a police dispatch informing him of an individual, later identified as appellee, who had taken a purse from a woman at a funeral home. Although we do not hold that the police dispatch provides the sole basis for probable cause in this case, we conclude that the dispatch is a component leading towards the establishment of probable cause. See State v. Fultz (1968), 13 Ohio St.2d 79, 81; Village of Barnesville v. Wayble (Mar. 31, 2000), Belmont App. No. 98-BA-36, unreported.
Officer Criner further testified that he received additional information about appellee through individuals in an alley near the funeral home and through individuals who approached the officer in a pickup truck. Appellee contends that probable cause cannot be formed from these individuals because Officer Criner did not obtain the names of the informants. According to appellee, the informants were anonymous and, thus, unreliable.
However, the Ohio Supreme Court has recognized that a police officer may rely on information provided from face-to-face contact with an informant. Maumee v. Weisner (1999), 87 Ohio St.3d 295, 301, citing State v. Ramey (1998), 129 Ohio App.3d 409. The court indicated that "'[t]here is nothing even remotely anonymous, clandestine, or surreptitious about a citizen stopping a police officer on the street'" to provide information about a suspect. Weisner, at 301, quoting Ramey, at 416. Thus, we reject appellee's contention that Officer Criner could not rely on the informants and, therefore, conclude that the informants serve to aid in the establishment of probable cause in this case.
Accordingly, we conclude that Officer Criner, possessing information about appellee's offense from informants and a police dispatch, had probable cause to arrest appellee. While the existence of probable cause is an important issue in this case, we note that the trial court's decision to grant appellee's motion to suppress did not turn on the issue; rather, as noted above, the trial court granted appellee's motion to suppress after concluding, that "[appellant] failed to establish the exigent circumstances and/or exception to the warrant requirement which allowed the police to search and seize [appellee] in his residence."
The United States Supreme Court has held that, absent probable cause and exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment to the United States Constitution. Payton v. New York (1980), 445 U.S. 573, 583; Wilson v. Layne (1999), 526 U.S. 603,610-611. We have previously recognized that "[o]ne circumstance that justifies a warrantless entry into the home is when police are in `hot pursuit' of a fleeing suspect." State v. Lomak (Mar. 11, 1999), Franklin App. No. 98AP-708, unreported, citing United States v. Santana (1976),427 U.S. 38, 42-43, and Warden, Maryland Penitentary v. Hayden (1967),387 U.S. 294. According to the "hot pursuit" doctrine, when a police officer having probable cause to arrest an individual is pursuing a suspect in a public place, the officer may follow the suspect into a private place to complete the arrest. Santana, at 42-43. Thus, in Lomak, we acknowledged that "a person cannot avoid arrest by escaping from a public place to a private place."
At the suppression hearing in this case, Officer Criner described how he pursued appellee through alleys and streets and, eventually, into appellee's house on North Westmoor. Pursuant to the "hot pursuit" doctrine, we determined that, because Officer Criner had probable cause to arrest appellee and because he was pursuing appellee in a public place, the officer was authorized to follow the suspect into his home to complete the arrest. See Santana, at 42-43; Lomak.
Accordingly, we conclude that the trial court erred in granting appellee's motion to suppress on the basis that appellee's arrest was invalid. As such, we sustain appellant's first assignment of error.
Because they concern similar issues, we next address appellant's second and third assignments of error together. In its second and third assignments of error, appellant asserts that the trial court erred in suppressing the victim's pre-trial and in-court identifications. As indicated above, in filing his motion to suppress, appellee challenged the pre-trial and in-court identifications as products of an illegal arrest. However, appellee also claimed that the trial court should suppress the identifications because they stem from suggestive procedures and because the identifications are otherwise unreliable.
We have previously recognized that a trial court must suppress a pre-trial identification if the identification procedures were both suggestive and unnecessary, and if the resulting identification is unreliable. State v. Johnson (Jan. 30, 2001), Franklin App. No. 00AP-428, unreported, citing State v. Green (1996), 117 Ohio App.3d 644,652-653. In Neil v. Biggers (1972), 409 U.S. 188, 199-200, the United States Supreme Court noted that the factors to consider in evaluating the unreliability of an identification include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."
As for the in-court identification, we have previously recognized that such identifications are not suppressed unless an impermissibly suggestive pre-trial identification procedure creates an unreliable in-court identification. State v. Koester (Mar. 28, 1989), Franklin App. No. 88AP-594, unreported; see, also, State v. Barnett (1990),67 Ohio App.3d 760, 767; State v. Merrill (1984), 22 Ohio App.3d 119,122. The same Biggers factors used in testing the reliability of a pre-trial identification are used in testing the reliability of an in-court identification. Koester; Barnett, at 767; Merrill, at 122.
In its second and third assignments of error, appellant contends that, at the very least, we should remand this cause for further hearing on the suggestiveness of procedures leading to the pre-trial identification and on the unreliability of the pre-trial and in-court identifications. We agree with appellant's contentions.
As indicated above, the trial court suppressed the pre-trial and in-court identifications upon concluding that they were tainted by the invalid arrest; however, this conclusion no longer stands because we have held that the arrest was valid. Thus, the issue still remains as to whether the identifications should be suppressed on the basis that the identification procedures were both suggestive and unnecessary, and on the basis that the resulting identifications are unreliable. Because we agree with appellant that this cause should be remanded for further hearing on the issue of the suggestiveness and reliability of the pre-trial and in-court identifications, we sustain appellant's second and third assignments of error.
In summary, we sustain appellant's first, second and third assignments of error. As such, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
LAZARUS and BROWN, JJ., concur.