[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Adrian Douglas, and a co-defendant, Ron Rohan James, were each indicted on one count of possession of cocaine pursuant to R.C. 2925.11(A) and one count of trafficking in cocaine pursuant to R.C. 2925.03(A). After the trial court overruled his motion to suppress, Douglas pleaded no contest. The trial court found him guilty of both counts and sentenced him to four years' imprisonment on each, to be served concurrently.
{¶ 3} Douglas presents five assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion to suppress cocaine found in his possession. He contends that the police officers did not have probable cause to arrest and search him because the information provided by the confidential informant was never corroborated. This assignment of error is not well taken.
{¶ 4} In determining whether an informant's tip establishes probable cause, courts should apply a totality-of-the-circumstances test.Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317; State v. George
(1989), 45 Ohio St.3d 325, 544 N.E.2d 640. This court has held that police have probable cause to conduct a search for contraband when detailed information provided to them by a confidential informant is subsequently corroborated, in some significant combination, with respect to the name or physical description of a suspect, the location of the illegal sale, the time of the sale, the description of the automobile driven by the suspect or the car's license-plate numbers. State v.Treadwell (Mar. 23, 2001), 1st Dist. Nos. C-000497 and C-000521; Statev. Johnson (Feb. 25, 2000), 1st Dist. No. C-990042; State v. Colbert
(Mar. 7, 1990), 1st Dist. No. C-880471.
{¶ 5} Even though the police had never used the confidential informant in this case before, the information he gave to police was sufficiently corroborated to provide probable cause to arrest Douglas and James and to search their vehicle. With police officers monitoring the conversations, the informant set up a drug sale and arranged for the time, date and location at which it was to occur. He provided a telephone and pager number that he used to contact the sellers. He also described the color and type of vehicle the sellers would be driving and the exact location where they could be found.
{¶ 6} Even though tapes of the informant's conversations with the suspects were inaudible, the police officer involved in the investigation was present during the conversations and heard them personally. He arranged for other officers to set up surveillance at the location where the sale was to take place. An officer at the scene listened to radio broadcasts as the events transpired and located the vehicle that police wanted to stop, which was occupied by Douglas and James. The officers making the arrest were entitled to rely upon information transmitted over the radio to make the arrest. Maumee v. Weisner, 87 Ohio St.3d 295,1999-Ohio-68, 720 N.E.2d 507; State v. Fultz (1968), 13 Ohio St.2d 79,234 N.E.2d 593; State v. Bryant (2000), 138 Ohio App.3d 343,741 N.E.2d 225.
{¶ 7} Consequently, the police officers had sufficient information derived from a reasonably trustworthy source to warrant a prudent person in believing that Douglas and James had committed a felony. Consequently, they had probable cause to arrest them without a warrant. See Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223; Fultz, supra; Statev. Deters (1998), 128 Ohio App.3d 329, 714 N.E.2d 972. The search of the car and Douglas's person were valid searches incident to arrest. See NewYork v. Belton (1981), 453 U.S. 454, 101 S.Ct. 2860; Deters, supra; Statev. Pugh (Aug. 11, 2000), 1st Dist. No. C-990867. The trial court did not err in overruling Douglas's motion to suppress, and we, therefore, overrule his first assignment of error.
{¶ 8} In his second assignment of error, Douglas contends that the trial court erred in imposing a four-year sentence because it was not supported by the evidence and was contrary to law. He argues that the court should have imposed the minimum sentence of three years, since he had not served a prior prison sentence.
{¶ 9} The trial court may impose more than the minimum term for a first prison sentence if the court finds on the record that the minimum term would not adequately protect the public from future crime by the offender or that it would demean the seriousness of the offense. Statev. Burton, 1st Dist. Nos. C-020014 and C-020203, 2002-Ohio-6653; Statev. Ficklin, 1st Dist. No. C-020186, 2002-Ohio-6245. In this case, the court made the proper findings. Further, while it did not have to state its reasons for making those findings, see State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131, the court stated it was basing its findings on Douglas's prior convictions, the large amount of cocaine in his possession and the substantial value of that cocaine.
{¶ 10} Douglas argues that a plea-bargain offer by the state involving the minimum term showed that the minimum term would adequately protect the public and would not demean the seriousness of the offense. The record demonstrates that this offer was tentative and was dependent on Douglas's cooperation and the events in James's case. It was not an agreed sentence, see State v. Daniels, 1st Dist. Nos. C-010070 and C-010087, 2001-Ohio-8749, and it was not binding on the trial court in ultimately determining Douglas's sentence. Because we cannot say that the trial court's findings were contrary to law or that they were not supported by the evidence, we will not disturb the sentence imposed by the trial court. See Edmonson, supra; State v. Sheppard (1997),124 Ohio App.3d 66, 705 N.E.2d 411; Burton, supra. Accordingly, we overrule Douglas's second assignment of error.
{¶ 11} In his third assignment of error, Douglas states that the trial court erred in denying a motion to compel production of the confidential informant's contract and the police handbook concerning the use of confidential informants for use during the hearing on the motion to suppress. Relying on Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 194, he contends that the failure to allow defense counsel access to these documents was prejudicial because the reliability of the informant and the manner in which he was used were the primary issues at the hearing.
{¶ 12} Douglas has failed to demonstrate that the information he claims was improperly withheld was favorable to him or that it was even relevant to the ultimate issue at the hearing on the motion to suppress: whether the police had probable cause to arrest him. Further, he has not demonstrated that a reasonable probability existed that, had the state disclosed the evidence, the result of the proceeding would have been different. Consequently, he has failed to show that the evidence was material, which is necessary to establish a Brady violation. See UnitedStates v. Bagley (1985), 473 U.S. 667, 105 S.Ct. 3375; State v. Johnston
(1988), 39 Ohio St.3d 48, 529 N.E.2d 898; State v. Kalejs, 1st Dist. Nos. C-000668 and C-010627, 2002-Ohio-6657; State v. Jones (Dec. 29, 2000), 1st Dist. No. C-990813. We, therefore, overrule his third assignment of error.
{¶ 13} In his fourth assignment of error, Douglas contends that the trial court erred in finding him guilty of trafficking in cocaine pursuant to R.C. 2925.03(A). He argues that the facts alleged by the state showed only that he had possessed cocaine, not that he had sold or offered to sell it. We disagree.
{¶ 14} A no-contest plea is an admission of the truth of the facts alleged in the indictment. Crim.R. 11(B); State ex rel. Stern v. Mascio,75 Ohio St.3d 422, 1996-Ohio-93, 662 N.E.2d 370. Consequently, where the indictment contains sufficient allegations to state a felony offense and the court accepts a no-contest plea, it must find the defendant guilty of the charged offense. State v. Bird, 81 Ohio St.3d 582, 1998-Ohio-606,692 N.E.2d 1013; State v. Horton (May 25, 2001), 1st Dist. No. C-000434. In this case, the indictment alleged sufficient facts to show that Douglas had committed the offense of trafficking in cocaine. Therefore, the trial court did not err in finding him guilty of that offense, and we overrule his fourth assignment of error.
{¶ 15} In his fifth assignment of error, Douglas contends that the trial court erred in sentencing him on both counts of the indictment, since they were allied offenses of similar import. Douglas was convicted of both possession of cocaine pursuant to R.C. 2925.11(A) and trafficking in cocaine pursuant to R.C. 2925.03(A). This court has held on numerous occasions that the drug-trafficking and drug-possession statutes proscribe mutually exclusive forms of conduct and, therefore, that they do not define allied offenses. See State v. McIntosh (2001),145 Ohio App.3d 567, 763 N.E.2d 704; State v. Johnson (2000),140 Ohio App.3d 385, 747 N.E.2d 863; State v. Gonzales, 1st Dist. No. C-010757, 2002-Ohio-4937; State v. McCoy (Nov. 9, 2001), 1st Dist. Nos. C-000659 and C-000660. Accordingly, we overrule Douglas's fifth assignment of error, and we affirm his convictions.
{¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.