[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Ron Rohan James, and a co-defendant, Adrian Douglas, were each indicted on one count of possession of cocaine pursuant to R.C. 2925.11(A) and one count of trafficking in cocaine pursuant to R.C. 2925.03(A). After the trial court overruled his motion to suppress, James pleaded no contest. The trial court found him guilty of both counts and sentenced him to four years' imprisonment on each, to be served concurrently.
{¶ 3} James presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion to suppress cocaine found in the vehicle he was driving. He contends that the police officers did not have probable cause to arrest and search the vehicle because the information provided by the confidential informant was never corroborated. This assignment of error is not well taken.
{¶ 4} In determining whether an informant's tip establishes probable cause, courts should apply a totality-of-the- circumstances test. Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317; State v.George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640. This court has held that police have probable cause to conduct a search for contraband when detailed information provided to them by a confidential informant is subsequently corroborated, in some significant combination, with respect to the name or physical description of a suspect, the location of the illegal sale, the time of the sale, the description of the automobile driven by the suspect or the car's license-plate numbers. State v.Treadwell (Mar. 23, 2001), 1st Dist. Nos. C-000497 and C-000521; Statev. Johnson (Feb. 25, 2000), 1st Dist. No. C-990042; State v. Colbert
(Mar. 7, 1990), 1st Dist. No. C-880471.
{¶ 5} Even though the police had never used the confidential informant in this case before, the information he gave to police was sufficiently corroborated to provide probable cause to arrest James and Douglas and to search their vehicle. With police officers monitoring the conversations, the informant set up a drug sale and arranged for the time, date and location at which it was to occur. He provided a telephone and pager number that he used to contact the sellers. He also described the color and type of vehicle the sellers would be driving and the exact location where they could be found.
{¶ 6} Even though tapes of the informant's conversations with the suspects were inaudible, the police officer involved in the investigation was present during the conversations and heard them personally. He arranged for other officers to set up surveillance at the location where the sale was to take place. An officer at the scene listened to radio broadcasts as the events transpired and located the vehicle that police wanted to stop, which was occupied by James and Douglas. The officers making the arrest were entitled to rely upon information transmitted over the radio to make the arrest. Maumee v. Weisner, 87 Ohio St.3d 295,1999-Ohio-68, 720 N.E.2d 507; State v. Fultz (1968), 13 Ohio St.2d 79,234 N.E.2d 593; State v. Bryant (2000), 138 Ohio App.3d 343,741 N.E.2d 225.
{¶ 7} Consequently, the police officers had sufficient information derived from a reasonably trustworthy source to warrant a prudent person in believing that James and Douglas had committed a felony. Consequently, they had probable cause to arrest them without a warrant. See Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223; Fultz, supra; Statev. Deters (1998), 128 Ohio App.3d 329, 714 N.E.2d 972. The subsequent search of the car was a valid search incident to arrest. See New York v.Belton (1981), 453 U.S. 454, 101 S.Ct. 2860; Deters, supra; State v.Pugh (Aug. 11, 2000), 1st Dist. No. C-990867. The trial court did not err in overruling James's motion to suppress, and we, therefore, overrule his first assignment of error.
{¶ 8} In his second assignment of error, James states that the trial court erred in denying a motion to compel production of the confidential informant's contract and the police handbook concerning the use of confidential informants for use during the hearing on the motion to suppress. Relying on Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 194, he contends that the failure to allow defense counsel access to these documents was prejudicial because the reliability of the informant and the manner in which he was used were the primary issues at the hearing.
{¶ 9} Douglas has failed to demonstrate that the information he claims was improperly withheld was favorable to him or that it was even relevant to the ultimate issue at the hearing on the motion to suppress: whether the police had probable cause to arrest him. Further, he has not demonstrated that a reasonable probability existed that, had the state disclosed the evidence, the result of the proceeding would have been different. Consequently, he has failed to show that the evidence was material, which is necessary to establish a Brady violation. See UnitedStates v. Bagley (1985), 473 U.S. 667, 105 S.Ct. 3375; State v. Johnston
(1988), 39 Ohio St.3d 48, 529 N.E.2d 898; State v. Kalejs, 1st Dist. Nos. C-000668 and C-010627, 2002-Ohio-6657; State v. Jones (Dec. 29, 2000), 1st Dist. No. C-990813. We, therefore, overrule his second assignment of error and affirm his convictions.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.