OPINION
{¶ 1} Walter Myers, Jr. appeals from his speeding conviction in the Clark County Municipal Court.
 {¶ 2} The facts underlying this appeal are set out in the City's brief and are fully supported by a review of the record.
 {¶ 3} On April 15, 2004 at approximately 1:55 p.m., Sgt. Brian Radanovich testified that he was sitting in the median on the U.S. 40 overpass checking vehicle speeds. Radanovich testified that he was trained to operate speed detection devices, including the laser, and was trained to estimate speeds and use the speed detection device to corroborate his observations. Radanovich testified that he checked the laser prior to his shift and the laser was working properly.
 {¶ 4} Radanovich testified that he observed the Myers' vehicle traveling in excess of the posted speed limit of forty miles per hour. He estimated his speed to be in the mid-fifties. Radanovich engaged the laser unit to verify the observation and obtained a tracking history of fifty-six, fifty-six, and forty-seven miles per hour at 856 feet. Radanovich relayed the information to another unit, operated by Officer Joseph Ivory and Officer Jordan, a training officer. Sgt. Radanovich testified that he drove past the traffic stop and verified that Appellant's vehicle was the same vehicle that he clocked at 56 mph.
 {¶ 5} Officer Ivory testified that he was on duty, in uniform and operating a marked patrol car. Officer Ivory testified that he was training with Officer Jordan who was driving the car. Ivory testified that Sgt. Radanovich contacted him by radio and advised that he clocked Myers' vehicle at 56 mph. Ivory testified that Myers was stopped on W. North Street (westbound U.S. 40) in the area of Water Street. Myers requested to look at the readout and Officer Jordan radioed Radanovich to relay the request. Sgt. Radanovich advised Jordan that he had already cleared the readout.
 {¶ 6} Officer Ivory issued a citation for the traffic violation and noted the location of the offense as the location of the stop, 300 block of W. North Street. Officer Ivory stated that when Officer Jordan saw that he noted the location of the offense as the location of the traffic stop, he advised Officer Ivory to change the location to the area of the observed violation, on the Route 40 Overpass. The amended citation was filed with the court, however, Myers' copy listed the 300 block of W. North Street.
 {¶ 7} Appellant filed a motion for discovery and two pre-trial motions to dismiss. The City responded to the Appellant's Motion for Discovery by providing the Appellant a copy of the case file, including the arresting officer's name, the name of the officer who operated the speed detection device, and another officer listed on the statement. Myers appeared for trial on May 18, 2004. Appellant was provided an opportunity to address his discovery request and motions to dismiss. The Prosecutor stated that a copy of the case was provided to Myers including the arresting officer's name, as well as the other officers involved. The Prosecutor stated its reasons for not fully complying with the request concerning the names of persons cited "on the route forty overpass in the City of Springfield" were that the request was not relevant and that it was overly burdensome. The trial court found that such information was not relevant to the facts in this matter.
 {¶ 8} Myers testified on his own behalf and denied that he was traveling at 56 mph on the overpass. Myers stated he was not speeding in the 300 block of W. North Street but could not state how fast he was traveling on the overpass.
 {¶ 9} Myers has filed a brief which assigns no specific error nor does it comply with the appellate rules. Myers contends that the arresting officer lied when he signed the original citation. He contends he was denied due process by the permitted amendment. He also contends that Sergeant Radanovich was lying when he stated the laser indicated he was speeding. Lastly, he contends the trial judge was biased toward him although he admits he did not seek his removal prior to trial.
 {¶ 10} Prior to trial, Myers moved for discovery of the citations that were issued by the police from the use of the laser machine for the ten days prior to, and ten days following the date of the citation on the Route 40 overpass in the City of Springfield. The State objected on the basis that the search for such information would be too burdensome and time consuming and because such information is irrelevant to the defendant's violation. The trial court overruled Myers' motion agreeing that the information was not relevant to the defendant's prosecution.
 {¶ 11} Myers suffered no prejudice from the amendment of the traffic citation. The appellant's own discovery motion notes that he was clocked on the Route 40 overpass. The amendment did not change the nature of the offense and the Criminal Rules permit such an amendment. See, Crim.R. 7(D). When Myers learned that the citation had been amended, he did not seek a continuance.
 {¶ 12} Myers contends the police officer lied but credibility issues are primarily the province of the trial court. We find nothing incredible about the officers' testimony. We agree with the State that the arresting officer need not have observed the violation if he received a police broadcast that the violation occurred. State v. Fultz (1968),13 Ohio St.2d 79, 80. See also, State v. Darrah (1980), 64 Ohio St.2d 22,26.
 {¶ 13} Lastly, we find no abuse of discretion in the trial court's refusal to require the State to produce records of prior traffic citations on the Route 40 overpass. Presumably, Myers was apparently seeking evidence that he was being selectively and discriminatively prosecuted. The trial court, however, has a wide latitude to supervise discovery and we decline to overrule the court's determination.
 {¶ 14} The judgment of the trial court is Affirmed.
Brogan, P.J., Wolff, J., and Grady, J., concur.